## Ogden v. Marsh et al.

October 8, 1948.

Hughes, Clark & Lee for appellant.

John H. Klette and John Vest for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, and plaintiff below, Lester Ogden, and Avis I. Ogden, were husband and wife prior to her death on August 27, 1947. On November 13, 1947, appellant filed this equity action in the Boone circuit court against June M. Marsh, Julia Anna Clark and Zona Wilson, defendants, and appellees, seeking to set aside and cancel a deed to 250 acres of land, executed by his wife prior to her death, to Zona Wilson. Two days after the death of Mrs. Ogden, her vendee, the appellee, Zona Wilson, executed a deed to June M. Marsh for the same property.

Appellant also in his petition sought to set aside the transfer of certain articles of personal property made by his wife to Julia Anna Clark, which was done on July 12, 1947.

As grounds for such relief appellant alleged that during their married life (which he alleged was more than 15 years) it was his custom to place the title of all of the property he acquired in the name of his wife "for convenience" and that the latter agreed to hold the property in trust for him and to convey or transfer the title to him on his demand or request, or if not done

then to execute a will devising and bequeathing all of the property she held pursuant to such an arrangement; that thereafter his wife did execute a will bequeathing and devising the property to him so held by her, and also requested that a deed be prepared for her to execute conveying to him the real estate held by her; and he further alleged "that the whereabouts of said deeds or will, hereinbefore referred to, are unknown to this plaintiff and he has been unable to discover the same after diligent search," but he nowhere alleged that the deed was ever delivered to him, nor did he ever attempt to probate her lost will. He then alleged that the recording of the deed executed by his wife to appellee, Zona Wilson, was the first knowledge he had of that conveyance and that he did not discover the bill of sale of some personal property executed by his wife to Julia Anna Clark until after the death of his wife. Those allegations would indicate without express language to that effect that he did not join in the deed to the tract of land conveyed by his wife to appellee, Zona Wilson. He further alleged that "said deeds and bills of sale were executed in fraud and contrary to the agreement of this plaintiff and the said Avis I. Ogden, and against her wishes and control, and that said property was actually held in trust by the said Avis I. Ogden for the use and benefit of this plaintiff." The court sustained a demurrer to the petition and dismissed it, followed by this appeal.

It will thus be seen that the trust which he alleged was created by him under a custom which he practiced during the life of his wife "for his convenience" was a secret one if indeed his allegations are sufficient to create a trust (a question not decided). No universally recognized rule of practice than that which requires a pleading will be construed most strongly against the pleader and that the grounds for relief must be clearly and succinctly stated. Nowhere in plaintiff's petition does he aver that the transferees of the personal property made by the wife under, as he alleged, a bill of sale, possessed knowledge of the secret trust existing between him and his wife, and the same is true as to her vendee in the deed, which she executed to the tract of land. Nor is it alleged that the transferees of the personal property by her or that her vendee in her deed were not bona fide

acquirers of the title to the property so obtained by them. The petition is couched in vague and more or less obscure language. It is true that he alleged, as shown supra, that "the deeds and bills of sale were executed in fraud and contrary to the agreement of this plaintiff and the said Avis I. Ogden, and against her wishes and control," but he did not state by whom the fraud was perpetrated, or if so, any of the defendants who participated in it, nor did he aver any undue influence exercised by any of the defendants or that his wife was mentally incapacitated to make the transfer of title complained of.

Under the rule of pleadings supra it cannot be assumed that the defendants who acquired the property under the transactions referred to and complained of were not bona fide ones, and since it is not alleged that they became such with knowledge of the secret trust alleged by plaintiff, the law will not grant the prayer of the petition to have such transactions set aside and the title restored to the plaintiff, and the court did not err in sustaining the demurrer to the petition and dismissing it. No relief is sought by appellant except that of cancelling the transactions referred to, and the restoration of the title thereto to him.

Wherefore; the judgment is affirmed.